[Cite as *State v. Agee*, 2014-Ohio-3684.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    14 MA 20 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| KEVIN AGEE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 10CR1135.


JUDGMENT:                        Remanded.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503


For Defendant-Appellant:         Attorney John Falgiani, Jr.
                                 8872 East Market Street
                                 Warren, Ohio  44484


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                 Dated:  August 19, 2014

VUKOVICH, J.

**{¶1}** Defendant-appellant Kevin Agee appeals from the resentencing order of the Mahoning County Common Pleas Court entered after this court remanded for merger of attempted murder with felonious assault. The state agrees that the sentencing order is flawed as it does not reflect what actually occurred at the resentencing hearing and thus contains a clerical error. Appellant's assignment of error is sustained. This case is hereby remanded with instructions for the trial court to enter a nunc pro tunc entry deleting any references to a sentence on count three felonious assault.

STATEMENT OF THE CASE

**{¶2}** Appellant was found guilty of the murder of Thomas Repchic. For the shooting of Jaqueline Repchic, he was found guilty of attempted murder (count two), felonious assault involving a deadly weapon (count three), and felonious assault involving serious physical harm (count four). He was also convicted of one firearm specification per offense.

**{¶3}** The trial court merged the two felonious assaults so that only count three remained for sentencing but refused to merge the attempted murder with the felonious assault. In a May 23, 2012 sentencing entry, the court imposed fifteen years to life for murder plus three years on the firearm specification, ten years for attempted murder plus three years on the firearm specification, and eight years for the felonious assault in count three (but merged the firearm specification). The sentences were run consecutive for a total sentence of 39 years to life.

**{¶4}** On appeal, this court overruled appellant's trial arguments but sustained his sentencing argument. We concluded that the attempted murder and felonious assault offenses committed against the same victim should have been merged before sentencing as there was no separate animus for each offense under the particular facts of this case. *State v. Agee*, 7th Dist. No. 12MA100, 2013-Ohio-5382, ¶ 2, 58-75, 105. We thus reversed and remanded for resentencing where the state would elect whether it wishes to proceed on attempted murder or felonious assault. *Id.* at ¶ 75.

**{¶5}** At the January 23, 2014 resentencing hearing, the state elected to proceed on the attempted murder rather than the felonious assault offense. (Tr. 2). The trial court then reimposed the ten year sentence on attempted murder plus three years for the firearm specification. (Tr. 10). The trial court thus imposed no sentence for felonious assault in count three. *See* Jan. 23, 2014 Sentencing Transcript.

**{¶6}** The trial court's March 21, 2014 sentencing entry states that counts two, three, and four were merged and noted the total sentence was now thirty-one years. However, the entry still contained the paragraph declaring that appellant was sentenced to eight years for the felonious assault in count three (and the sentence after this paragraph also improperly refers to a sentence on count three).

**{¶7}** Based upon the trial court's delay in filing its sentencing order, appellant filed a premature but timely appeal.

<u>ASSIGNMENT OF ERROR</u>

**{¶8}** Appellant sole assignment of error provides:

**{¶9}** "THE TRIAL COURT'S 'JUDGMENT ENTRY OF RE-SENTENCING' ERRONEOUSLY IMPOSES A SENTENCE FOR COUNT THREE (FELONIOUS ASSAULT) THAT WAS MERGED INTO COUNTS TWO, THREE, AND FOUR."

**{¶10}** Appellant's argument here is based wholly on the issue with the trial court failing to delete from its sentencing entry the language imposing a sentence on count three. The state recognizes the issue in the sentencing entry, agrees that no sentence was to be imposed on count three felonious assault, and consents to a remand.

**{¶11}** As no sentence was imposed *at the resentencing hearing* for count three felonious assault, the state points out that any reference to a sentence on count three in the judgment entry represented a clerical error and thus we should order the trial court to fix the clerical mistake through a nunc pro tunc entry, citing Crim.R. 36. This remedy does not seem disputed as appellant asks us to reverse and remand for resentencing *or grant such relief as we see just.* In any event, the remedy of ordering the trial court's to issue a nunc pro tunc entry is warranted here.

**{¶12}** Pursuant to Crim.R. 36, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A clerical error or mistake is "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15, quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19.

**{¶13}** A nunc pro tunc entry can be utilized so that the judgment reflects what the court actually decided, but it cannot be used to make the judgment reflect what the court should have decided but did not. *Id.* In other words, it can be used so that the judgment states what the court ordered but which was not recorded properly. *Id.* at ¶ 16, citing *Caprita v. Caprita*, 145 Ohio St. 5, 60 N.E.2d 483 (1945), ¶ 2 of syllabus ("The function of an entry nunc pro tunc is the correction of judicial records insofar as they fail to record, or improperly record, a judgment rendered by the court, as distinguished from the correction of an error in the judgment itself, or in the failure to render the judgment."). *See also State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 24 (where court imposed post-release control at sentencing hearing but failed to record this part of the sentence in the judgment, the original sentencing entry can be corrected through a nunc pro tunc entry to reflect what actually took place at the sentencing hearing).

**{¶14}** Here, the trial court at the sentencing hearing followed our orders on remand by having the state elect between attempted murder and felonious assault. When the state elected attempted murder, the trial court reimposed its sentence on that offense and did not impose any sentence for felonious assault. The sentencing entry does not accurately reflect the sentence that was imposed as it maintains the sentence for felonious assault, likely the remnants of the original sentencing entry used as a template. As a nunc pro tunc order would not involve the making of a new decision that was not made at the sentencing hearing, it is the proper vehicle to correct the clerical mistake in the March 21, 2014 sentencing entry.

**{¶15}** For the foregoing reasons, appellant's assignment of error is sustained. This case is hereby remanded with instructions for the trial court to enter a nunc pro tunc entry deleting any references to a sentence on count three felonious assault.

Donofrio, J., concurs.
Waite, J., concurs.